FORT WORTH & D. C. R'Y CO. v. LILLARD & CO.

(No. 6464.)

APPEAL from Wise County.   Opinion by HURT, J.

J. M. O'NEIL, counsel for appellant.

SEWARD & MARTIN, counsel for appellee.

§ **83.** *Common carriers; overcharges by; penalty; mistake to be available as a defense must be pleaded.*   Lillard, doing business under the firm name of Lillard & Co., sued the company in the county court to recover the sum of $———, as penalty for withholding freight, and $14.98, overcharged by defendant on freight, and ninety cents as storage.   The petition alleges that on September 29, 1888, the Bridge & Beach Manufacturing Company delivered to the St. Louis & Iron Mountain Railroad Company, at St. Louis, one thousand nine hundred and thirty pounds of iron, consigned to the plaintiff at Decatur, Texas; that said railway company on that day delivered to plaintiff a through bill of lading from St. Louis to Decatur for said iron, and specified therein the rate for same at seventy-seven cents per hundred pounds, the bill of lading being attached to and made part of the petition; that the iron came in course of transportation to Decatur, and was in the possession of defendant at Decatur on the 16th day of October, 1888; that the St. Louis & Iron Mountain is one of the connecting lines of the defendant company between the city of St. Louis and Decatur; that on the 16th day of October, 1888, plaintiff demanded of defendant said freight, and tendered the defendant the freight charges, as shown by the bill of lading, to wit, the sum of $14.86, but the said defendant refused to deliver the plaintiff the said freight until the 2d day of November, 1888, when plaintiff paid defendant the sum of $19.74, the amount of charges demanded, which was paid by plaintiff under protest.

Plaintiff prayed for judgment for fifteen days' withholding said freight, at $14.86 per day, $210; for $14.98 overcharges, and ninety cents, amount of storage paid by plaintiff. Appellant answered by general demurrer and general denial. The case was tried by the court without a jury, and judgment was rendered for plaintiff for $222.90, and defendant appeals. The bill of lading provides that the weight and classification of the freight were subject to correction, and the counsel for appellant contends that, if these were corrected, the amount demanded by the company was correct, and hence appellee did not tender a sufficient amount, the amount due the company being $19.74 instead of $14.86. The appellant did not plead a mistake in the weight or classification of the freight, and, though the bill of lading provides that such mistakes may be corrected, still it was necessary, in order to prove such mistake, that it be pleaded. This is an answer to all assignments relating to mistakes. The fifth proposition under the third assignment presents this question: Is the act under which this suit is brought, so far as it applies to shipments of freight from points without this state to points within this state, in violation of the federal constitution? This precise question arose in the case of Railway Co. v. Dwyer, 75 Tex. 572, and it was there held that it is not. The subject is elaborately discussed in the opinion delivered by Mr. Justice Gaines.

April 20, 1890.     Affirmed.